FILED
**Dec 22, 2025**
**03:01 PM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT JACKSON

| | | |
|---|---|---|
| **MAURICIO ROMERO,** | ) | **Docket No. 2024-70-7659** |
| Petitioner, | ) | |
| v. | ) | **State File No. 860439-2024** |
| **JOACHIN MAGDIEL,** | ) | |
| Respondent. | ) | **Judge Amber E. Luttrell** |

## EXPEDITED HEARING ORDER

The Court held an expedited hearing on Mr. Romero's request for medical benefits for injuries to his ankles. The issue is whether an employee-employer relationship existed between Mr. Romero and Mr. Magdiel at the time of the injury. For the reasons below, the Court holds Mr. Romero's evidence is insufficient at this time to show he is likely to succeed in proving he was Mr. Magdiel's employee.

### Claim History

Mr. Romero testified that on December 8, 2023, he was working for Mr. Magdiel on a hotel construction project. He was marking lines on the second floor without a safety harness when he stepped back, lost his balance, and fell to the first floor, fracturing both ankles.

Mr. Romero was transferred to a Memphis hospital, where he stayed for six days due to "bilateral calcaneal fractures resulting from fall from height." He was treated surgically. Mr. Romero continued treating over the next ten months. He stated that he still has not been released and his next appointment is on January 20, 2026. His physician ordered physical therapy, but he has been unable to attend because he does not have insurance.

Regarding the employment relationship with Mr. Magdiel, Mr. Romero testified that he started working for Mr. Magdiel because his brother, Jose, worked for him, and "the pay was really good." He stated that Mr. Magdiel continued paying him for two months after his injury. However, the parties introduced copies of bimonthly checks in varying

1

amounts paid by Mr. Magdiel to Mr. Romero between January and May 2024. In the "for" line of the checks, Mr. Magdiel wrote "Hyatt Place."

Mr. Romero's brother, Jose Romero, testified that he started working for Mr. Magdiel two years ago. He said that Mr. Magdiel worked for Victor Diez, "but we were always told we worked for Mr. Magdiel." Jose explained that he and his brother worked on construction projects in different cities before they both started on the hotel where Mr. Romero was injured. Regarding equipment, he stated that none of the workers had safety equipment on the hotel project until after Mr. Romero's injury, when "the company sent protective equipment."

Jose testified that sometime after his brother's injury, they met with Mr. Diez, who agreed to continue paying Mr. Romero's wages "to avoid legal trouble." He explained that Mr. Diez gave Mr. Magdiel the money to pay Mr. Romero.

For his part, Mr. Magdiel testified that he also worked on the hotel project where Mr. Romero was injured. He asserted that Mr. Romero and Jose were not his employees but independent contractors who had to provide their own safety gear and insurance. He stated, "that's why they got full checks with no deductions." He said that since they were independent contractors with no insurance, "I tried helping them from my own pocket."

He testified that his wife helped schedule follow-up appointments and picked up medication, and that he drove Mr. Romero to appointments and continued to pay him. He said, "if we worked 60 hours, I paid him 60 hours." He also told Mr. Romero a job was waiting for him when he healed.

### Findings of Fact and Conclusions of Law

At an expedited hearing, Mr. Romero must show that he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2024); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

To determine whether Mr. Romero is entitled to benefits, the Court must address whether an employee-employer relationship existed between him and Mr. Magdiel. Section 50-6-102(10)(D)(i) directs courts to consider the following factors when determining whether an individual is an employee or independent contractor:

(a)     The right to control the conduct of the work;
(b)     The right of termination;
(c)     The method of payment;
(d)     The freedom to select and hire helpers;
(e)     The furnishing of tools and equipment;
(f)     Self-scheduling of working hours; and

2

(g)     The freedom to offer services to other entities.

No single aspect of a work relationship is conclusive in deciding whether a worker is an employee or independent contractor. *Smiley v. Four Seasons Coach Leasing, Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 28, at *10-11 (July 15, 2016). However, the Appeals Board emphasized the importance of the right to control the conduct of the work. *Id.*

Applying these factors, the Court cannot find Mr. Romero presented sufficient evidence at this time to show he is likely to succeed in proving he was Mr. Magdiel's employee on his injury date. The only factors addressed at the hearing were the method of payment and, to some degree, the furnishing of tools and equipment.

Regarding payment, Mr. Magdiel's uncontested testimony showed that he paid Mr. Romero without any deductions. The parties did not introduce copies of any pre-injury paychecks, and the post-injury checks introduced were, according to Mr. Magdiel, made from a personal account to provide charitable assistance to Mr. Romero.[1] Thus, this factor favors an independent contractor relationship.

As for tools and equipment, the parties offered no proof as to who supplied the tools to perform the work. However, regarding equipment, Mr. Magdiel testified that Mr. Romero and Jose were responsible for their own safety equipment, while Jose stated in a Rule 72 declaration that none of the workers had personal protective equipment and that after the accident, the company sent protective equipment. Without additional proof as to the tools and equipment used on the job, this factor favors neither an employment nor an independent contractor relationship.

As for the remaining factors, including the right to control the work, no proof was presented. Therefore, Mr. Romero did not offer sufficient evidence at this hearing showing he is likely to prevail at trial.

**IT IS THEREFORE, ORDERED** as follows:

1. Mr. Romero's request for medical benefits against Mr. Magdiel is denied *at this time*.
2. The Court's legal assistant, Tina Woods, will contact the parties to schedule a status hearing.

**ENTERED December 22, 2025.**

---

[1] The parties gave conflicting testimony as to whether Mr. Magdiel paid Mr. Romero from his own funds or if Mr. Diez provided the funds to pay Mr. Romero.

_Amber E. Luttrell_
**JUDGE AMBER E. LUTTRELL**
**Court of Workers' Compensation Claims**


**Appendix**

Exhibits:
1.      Expedited Request for Investigation Report
2.      Mauricio Romero's Affidavit and Jose Romero's Rule 72 Declaration
3.      Jackson Madison County General Hospital records
4.      Copies of paychecks
5.      Jackson Madison County General Hospital Bill and Regional One Health records
6.      Order for brace


**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on December 22, 2025.

| Name | First Class Mail | Email | Service Sent To: |
|---|---|---|---|
| Mauricio Romero, Petitioner | X | X | 1834 U.S. Highway 70, Jackson, TN  38305 mauu.rom141617@gmail.com |
| Joachin Magdiel, Respondent | X | X | 123 Southridge Rd., Jackson, MS  39218 brit.js89@icloud.com |
| Uninsured Employer's Fund | | X X | lashawn.pender@tn.gov claudia.byers@tn.gov |

_____
**Penny Shrum, Court Clerk**
**wc.courtclerk@tn.gov**



<u>Right to Appeal</u>:

  If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    - ➤ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    - ➤ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*